FOWLER v. TRULL, appellant.

*Agency — ratification of unauthorized act — Evidence — declarations of agent — Estoppel.*

The husband of defendant, claiming to act as her agent, and without authority, purchased personal property of plaintiff. Defendant gave her note for the price, and mortgaged the property to plaintiff to secure the balance unpaid thereon, and also mortgaged it to another person. *Held*, that, although the husband had no authority to purchase, defendant's subsequent acts amounted to a ratification of what he had done, and she was liable for the purchase price of the property. *Held*, also, that by reason of such ratification, the representations of the husband, made at the time of the purchase were admissible on behalf of plaintiff.

Defendant claimed not to have read the mortgages signed by her, or to have known their nature. No fraud or misrepresentation was shown. *Held*, that she could not thus disavow the effect of such mortgages.

APPEAL from a judgment entered upon the report of a referee.

The action was brought by Ambrose Fowler against Elsie Trull, to recover a balance of $943.74, with interest, for merchandise sold and delivered to the defendant's husband, as was claimed, as the agent of the defendant, a married woman. The negotiations were concluded by the husband with the plaintiff. The sum of $200 was paid, and the balance secured by note, with collaterals assigned by defendant, and by a chattel mortgage containing the usual covenant to pay the amount secured. The material testimony, as well as the rulings on the trial, are sufficiently stated in the opinion. The referee reported in favor of the plaintiff, and the defendant appealed. The case was submitted upon printed points. The defendant excepted to the referee's decision.

*John F. Porter*, for appellant.

*Henry A. Merritt*, for respondent.

MILLER, P. J. It appears, from the evidence in this case, that the defendant's husband made the purchase of the property and took a bill of sale of the same in the name of his wife, the defendant, without any authority from her, and without her knowledge; that she never took possession of the property, and that the business was carried on in his name, afterward and not for the benefit of the

wife's separate estate. If there were no other facts connected with the transaction, there would be no question that the defendant was not liable. But it appears that the defendant gave her own note, and assigned mortgages as collateral security for a portion of the purchase-money — which note was afterward paid — and that she also executed a chattel mortgage on the property sold, to secure the balance which remained unpaid upon the sale. It is also proved that subsequently, and on the 15th day of November, 1870, she executed another chattel mortgage to one Crawford upon the same property. By these acts she assumed ownership and control over the property sold, and, I think, ratified what her husband had done on her behalf at the sale, claiming, as he did according to the plaintiff's testimony, to act as her agent. It is true that the defendant testifies that her husband had no authority; that she did not know what she was signing when she executed the chattel mortgage, and that the one given to Crawford was without consideration. This, however, does not relieve the defendant; and, inasmuch as she voluntarily signed these papers in the absence of misrepresentation or fraud, with ample opportunity for information as to their contents, the effect cannot be avoided upon the ground of negligence or omission to read or to avail herself of such information. *Breese* v. *U. S. Telegraph Co.*, 48 N. Y. 132. There is no sufficient ground for claiming that the defendant's signature was procured by fraud, as the mortgages, as executed, are far more than presumptive evidence, and, I think, must be regarded as a ratification of the acts of her husband, even if he acted without authority originally (Story on Agency, 283); and as a ratification of at least a part of an unauthorized transaction of an agent, or of one who assumes to act as such, which amounts to a confirmation of the whole and binds the principal. *Farmers' L. & T. Co.* v. *Walworth*, 1 N. Y. 433. As no fraud was shown, and as the defendant, by writing, adopted the representations made by her husband when the contract of sale was made, she is estopped from denying her liability.

If the views expressed are correct, then proof of the husband's declaration to the plaintiff at the time of the sale was proper, as the agency of the husband was ratified by the subsequent acts of the defendant, and there was no error either in receiving or in refusing to strike out this testimony.

The judgment was right, and must be affirmed, with costs.

*Judgment affirmed.*